UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACOB M. HARTMAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:26-cv-00023-DRL-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Frank J. Bisignano*, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Jacob M. Hartman filed this social security appeal on January 14, 2026. (ECF 1). Due to Plaintiff's disregard for this Court's Orders (ECF 4, 10, 11), the undersigned Magistrate Judge *sua sponte* recommends that Plaintiff's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and the Court's inherent power to dismiss actions for failure to prosecute *sua sponte*.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Report and Recommendation is based on the following facts and principles of law: *Pro se* Plaintiff Jacob M. Hartman filed this social security appeal on January 14, 2026. (ECF 1).[1] On February 2, 2026, the Court set a briefing schedule pursuant to General Order #2022-20, stating "[t]he plaintiff's opening brief must be filed within 42 days after the answer is filed or 42 days after entry of an order disposing of the last remaining motion under Rule 4(c) of the Supplemental Rules, whichever is later." (ECF 4). A copy of this briefing schedule was mailed to *pro se* Plaintiff at his address of record. (*Id.*).

---

[1] Plaintiff was directed to file an amended complaint, which he did on January 29, 2026. (ECF 2, 3).

1

On March 13, 2026, Defendant filed the administrative record, making Plaintiff's opening brief due on April 24, 2026. (*See* ECF 7). However, this deadline came and went with no opening brief filed by Plaintiff.

On May 1, 2026, I entered an order informing Plaintiff that his opening brief was overdue and directing him to file his opening brief on or before May 15, 2026. (ECF 10). Plaintiff was forewarned this case may be dismissed if he failed to do so. (*Id.*). A copy of that order was mailed to Plaintiff at his address of record. (*Id.*).

On May 19, 2026, the Court issued a show cause order, ordering Plaintiff to show cause on or before June 9, 2026, why he has failed to comply with the previous order (ECF 10) and timely file his opening brief. (ECF 11). He was again forewarned that if he failed to do so, this case may be dismissed. (*Id*). A copy of the show cause order was mailed to Plaintiff at his address of record. (*Id.*). Plaintiff did not respond and has not filed an opening brief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1)(C) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party … fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### III. DISCUSSION

Here, Plaintiff has repeatedly failed to comply with the Court's orders. First, the Court set a briefing schedule, informing Plaintiff that his opening brief would be due 42 days after Defendant filed its answer, the administrative record. (ECF 4). After the administrative record was filed on March 13, 2026, the Plaintiff's briefing deadline of April 24, 2026, was set. (*See* ECF 7). However, Plaintiff failed to comply with General Order #2022-20 and the briefing deadline. Plaintiff then failed to comply with the May 1, 2026, order (ECF 10) and the May 19, 2026, show cause order (ECF 11), having failed to file his opening brief or show cause for his delay to date.

Plaintiff's failures to comply with this Court's orders is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL

5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice … ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court … finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Plaintiff in its orders dated May 1, 2026, and May 19, 2026, that his claims may be dismissed if he failed to file his opening brief and show-cause for his failure to adhere to this Court's orders. (ECF 10, 11). As such, the Court has explicitly warned Plaintiff of the possibility of dismissal of his social security appeal.

## IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that Plaintiff Jacob M. Hartman's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and the Court's inherent power to manage its own affairs as a result of Plaintiff's failure to adhere with this Court's orders (ECF 4, 10, 11), or to otherwise prosecute his case. The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff at his address of record.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE

DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 15th day of June 2026.

/s/ Andrew L. Teel

Andrew L. Teel
United States Magistrate Judge